FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JUL 21 AM 9: 21

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 98-B-1378-S |
| JAKE L. TURNER, individually, JAKE L. TURNER, d/b/a Turner Construction Company, JOE MALDONADO, individually, JOE MALDONADO, d/b/a/ Turner Construction company, WALTER BEARD, and BERTHA BEARD, | } | ENTERED<br>JUL 21 1999 |
| Defendants. | } | |

## MEMORANDUM OPINION

Currently before the court is plaintiff Allstate Insurance Company's Motion for Summary Judgment. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court finds that Allstate's Motion is due to be granted.

### FACTUAL SUMMARY

Allstate has moved for summary judgment and seeks a declaration that it has no coverage under a homeowners policy issued to the insured, Jake L. Turner ("Turner"), for the claims alleged against him the suit of *Beard et al. v. Joe Maldonado, Jake Turner, et al.*, CV 96-596, in the Circuit Court of Shelby County ("the underlying suit"). The underlying suit alleges that the defendants contracted to build a home for the Beards and wrongfully appropriated construction payments, failed to pay subcontractors and failed to complete construction of the home. The

1

claims alleged in the suit were for breach of contract, fraud, concealment, conspiracy, breach of fiduciary duty, and rescission. The Beards filed a Motion for Leave to Amend the Complaint to add claims for negligence and negligent supervision against Turner, but the record does not contain an Order granting leave to amend or an Amended Complaint.[1]

## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless,

---

[1]This court received a copy of the Motion to Amend Complaint filed in state court. However, the court never received an Order allowing an Amended Complaint to be filed. Thus, the court will not consider the Amended Complaint to have been filed with the state court.

the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## DISCUSSION

### 1. The Policy Provisions.

Allstate issued a homeowners insurance policy number 0 45 985332 to Turner, which contained the following pertinent provisions:

**Losses We Cover Under Coverage X:**

Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and covered by this part of the policy.
. . .
**Losses We Do Not Cover Under Coverage X:**

    1.    We do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. The exclusion applies even if:
        a)    such **insured person** lacks the mental capacity to govern his or her conduct;
        b)    such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
        c)    such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
This exclusion applies regardless of whether or not such **injured person** is actually charged with, or convicted of a crime.
. . . .
    11.    We do not cover **bodily injury** or **property damage** arising out of the rendering of, or failure to render, professional services by an **insured person**.

    12.    We do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities of an **insured person**. . . .
. . .

    15.    We do not cover any liability an **insured person** assumes arising out of any contract or agreement.
. . . .

The policy also contains the following definitions:

**Definitions Used in this Policy**

1. **"You"** or **"Your"**--means the person named on the Policy Declarations as the insured and that person's resident spouse.

. . . .

3. **"Insured Person(s)"**--means **you** and, if a resident of **your** household:
   a)   any relative; and
   b)   any dependent person in **your** care.

. . . .

4. **"Bodily injury"**-- means physical harm to the body, including sickness or disease, and resulting death. . . .

. . . .

6. **"Business"**--means:
   a)   any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes. . . .

. . . .

9. **"Occurrence"**--means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy, resulting in **bodily injury** or **property damage**.

10. **"Property damage"**--means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

Allstate reserved the right to contest coverage under the policy. (Def. Evid. Submissions Exh.1 to Exh.A). The court finds that there is no coverage for the reasons outlined below.

**2. The "Business Activities" Exclusion.**

The "business activities" exclusion is dispositive of this case. The Alabama Supreme Court has defined "business" very broadly. In *Vallas v. Cincinnati Ins. Co.*, 624 So. 2d 568, 571 (Ala. 1993), the court stated that "[b]usiness in its broad sense embraces anything about which a person may be busy, and in its usual sense, signifies an undertaking or calling for gain, profit or livelihood." *See also Stanley v. American Fire & Cas. Co.*, 361 So. 2d 1030, 1033 (Ala. 1978)

(reasoning that a business pursuits exclusion in a homeowners policy precluded coverage for a child care provider when a child was injured in her care).

All of the claims against Turner in the underlying suit arise out of a construction contract made in connection with his construction company and fall squarely within the "business activities" exclusion. Coverage is also excluded under the professional services exclusion. *See Allstate Ins. Co. v. Sellers-Bok,* 942 F. Supp. 1428, 1432-33 (M.D. Ala. 1996). Professional services means services relating to a vocation or occupation requiring special, usually advanced, education, knowledge, and skill. *Allstate Ins. Co.,* 942 F.Supp at 1433.

    3.    **The Specific Counts.**[2]

Count One asserts a claim for breach of contract and seeks damages for economic loss. An "occurrence" under the policy in question is one resulting in "bodily injury" or "property damage." A breach of contract is not an "occurrence" as required by the policy, so that count is not covered. *See Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993). Also, the economic loss alleged in Count One is not a "bodily injury" or "property damage" as required for coverage under the policy. *American States Ins. Co., v. Martin,* 662 So. 2d 245, 248 (Ala. 1995) (no coverage for a purely economic loss). Thus, there is no coverage for Count One of the underlying suit.

Count Two of the underlying suit alleges intentional misrepresentation. The Beards allege that Joe Maldonado intentionally misrepresented that payments made by them to Turner Construction were being used to pay vendors, suppliers, and laborers when the payments were

---

[2]Because coverage is excluded under the business activities and professional services exclusion provisions of Turner's insurance contract, it is unnecessary to specifically address coverage for each count of the underlying action. The court will, however, briefly discuss each count and notes that coverage for plaintiff's claims are precluded for the additional reasons discussed in this section of the Memorandum Opinion.

never used for such purpose, and that Maldonado made these misrepresentations with intent to defraud. Count Two does not appear to allege a claim against Turner, so Allstate would have no duty to defend or indemnify Turner as to Count Two.

Even if Count Two alleges a fraud claim against Turner, there is no coverage for an intentional misrepresentation, because an intentional misrepresentation is not an "occurrence" and, further, is excluded under the intentional acts exclusion. *See Ladner & Co. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100 (Ala. 1997)(an allegation of intentional misrepresentation does not allege an "occurrence"); *Townsend Ford, Inc. v. Auto-Owners Ins. Co.,* 656 So. 2d 360, 363 (Ala. 1994)(intentional fraud is excluded from coverage). Fraud based on an intentional misrepresentation is excluded under the policy's intentional acts exclusion, and this exclusion is unambiguous and enforceable. Further, the economic loss alleged in Count Two is not a "bodily injury" or "property damage" such as would be covered under the policy. *American States Ins. Co.,* 662 So. 2d at 248. Thus, there is no coverage for Count Two of the underlying complaint.

Count Three alleges that the defendants are guilty of willful, wanton, malicious and oppressive concealment regarding labor, costs, and payments made to vendors. Count Three asserts economic loss as damage for this cause of action. As with Count Two, the alleged intentional concealment is not an "occurrence," and would be excluded under the "intentional acts" exclusion. Furthermore, the economic loss alleged is not "bodily injury" or "property damage." Thus, there is no coverage for Count Three.

Count Four asserts that the defendant wilfully conspired with intent to defraud the plaintiff and obtain secret profits. "Willful" is synonymous with "intentional" under Alabama law. *See Sutherland v. Roth,* 407 So. 2d 139, 141 (Ala. Civ. App. 1981). Furthermore, this count does not plead "bodily injury" or "property damage." Thus, there is no coverage for this

count for the same reasons the court stated regarding Counts Two and Three.

Count Five alleges that the defendants are guilty of breach of fiduciary duty because of the intent to defraud. Coverage is precluded for the same reasons coverage is precluded for Counts Two through Four. Count Six seeks to rescind the contract on the ground of fraud and return the plaintiffs' consideration. Count Six does not allege "bodily injury" or "property damage" as defined under the policy either. *See Martin*, 662 So. 2d at 248. Thus, there is no coverage for this count.

As stated above, there is no evidence before this court that the Beards have been permitted leave to amend the Complaint in the underlying action to allege negligence and negligent supervision claims against Turner. Even if such claims were included in the suit by proper amendment, the business pursuits exclusion would bar coverage. Further, the proposed amendment alleges economic harm only and does not allege "bodily injury" or "property damage" resulting from an "occurrence" as required by the policy, so there would be no coverage.

## CONCLUSION

For the foregoing reasons, the court finds that there is no coverage under the Allstate homeowners policy issued to Turner for the claims alleged against Turner in the underlying suit, and Allstate has no duty to defend or indemnify Turner in the underlying suit. Allstate's Motion for Summary Judgment is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously with this Opinion.

**DONE** this the 21st day of July, 1999.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

7